UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RIDGE SENECA PLAZA, LLC,

        Plaintiff,

vs.

BP PRODUCTS NORTH AMERICA, et al.,

        Defendants.

_____

DECISION AND ORDER

06-CV-6333 CJS

**APPEARANCES**

| | |
|---|---|
| For the plaintiff: | Alan J. Knauf, Esq.<br>Knauf Shaw LLP<br>1125 Crossroads Building<br>Two State Street<br>Rochester, NY 14614<br>Tel: (585) 546-8430 |
| For defendant BP Products<br>North America, Inc.: | Gary S. Bowitch, Esq.<br>774 Broadway<br>Albany , NY 12207<br>Tel: (518) 434-0327 |
| For defendant Malcolm Grazer<br>and First Allied Shopping Center,<br>LLP: | Beryl Nusbaum<br>Woods Oviatt Gilman LLP<br>700 Crossroads Building<br>Two State Street<br>Rochester , NY 14614<br>Tel: (585) 987-2817 |

| | |
|---|---|
| For defendant Fisher Associates, P.E., L.S., P.C.: | James G. Stevens , Jr., Esq. Sugarman Law Firm, LLP 360 South Warren Street HSBC Center, Fifth Floor Syracuse , NY 13202 Tel: (315) 474-2943 |

## INTRODUCTION

This environmental case is here under federal question jurisdiction pursuant to 28 U.S.C. § 1331, based on claims in the first cause of action made under the Resource Conservation and Recovery Act of 1976, as amended, and in particular the authorization for citizen lawsuits pursuant to 42 U.S.C. § 6972(a)(1)(B). Plaintiff has also alleged supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the state law claims based on New York law. The matter is before the Court on Defendant Fisher Associates' application for summary judgment, seeking dismissal of the fifth and tenth causes of action, as well as all cross-claims, or, in the alternative, a limitation upon its liability to the contract terms. For the reasons stated below, the Court grants the motion.

## FACTUAL BACKGROUND

Sylvan Enterprises, Corp. ("Sylvan"), is a closely-held corporation. Its officers and shareholders consist of Rabbi Noble and Robert Rosenblatt. Sylvan contracted with First Allied Shopping Center, L.P. ("First Allied"), to purchase the shopping center located at the intersection of East Ridge Road and Seneca Avenue in Rochester, New York. Sylvan retained Lawrence Palvino, Esq. ("Palvino"), member of a Rochester law firm, Harter, Secrest & Emery, LLP ("Harter"), to assist in its purchasing of the shopping plaza. On

October 5, 2000, Palvino, acting on behalf of his client, Sylvan, contracted with defendant Fisher Associates ("Fisher") to complete a phase I environmental assessment report regarding the shopping center so that Sylvan could proceed with its purchase. The first paragraph on page five of the contract states as follows:

> Harter and Sylvan acknowledge and agree that the report and the findings in the report shall not, in whole or in part, be disseminated or conveyed to any other party, or used or relied upon by any other party, except for the specific purpose and to the specific parties alluded to above, without the prior written consent of Fisher Associates. Fisher Associates would be pleased to discuss the conditions associated with any such additional dissemination, use or reliance by other parties.

(Letter from Carl W. Eller, P.E., Fisher Associates P.E., L.S., P.C., to Lawrence R. Palvino, Esq., Harter, Secrest & Emery, LLP (Oct. 2, 2000), Docket No. 51-8, at 5.) Fisher maintains, and Plaintiffs do not dispute, that it never provided any written or oral consent for assignment of the contract. The last paragraph on page four of the contract provided that:

> Fisher Associates' report will be prepared on behalf of and for the exclusive use of Sylvan and their legal counsel, Harter, Secrest & Emery. However, we acknowledge and agree that Sylvan and Harter may convey the report to the bank or lending institution that may be associated with this specific real estate transaction. Such parties' reliance upon the report shall be subject to the limitations set forth in the report. Fisher Associate's aggregate liability to all parties who may come to rely on the report is limited to the professional fee, and is not hereby expanded.

(*Id*., at 4.) At the end of October 2000, Fisher completed its phase I environmental assessment report and submitted it to Palvino.

On February 16, 2001, Ridge Seneca Plaza, LLC ("Plaintiff") was formed. Sylvan Enterprises did not subsequently purchase the shopping plaza and, instead, assigned its

purchase contract with First Allied to Plaintiff. Fisher claims[1] that it was unaware Sylvan did not purchase the shopping center or that Sylvan had assigned its contract to Plaintiff. Further, Fisher maintains that it was not even aware of Plaintiff's existence until about June 29, 2006.

In 2004, in order to refinance the mortgage on the property, Plaintiff had a phase 2 environmental assessment completed on the shopping center property by a company other than Fisher. During this assessment, contamination of the site was discovered.

Plaintiff's complaint, in the fifth cause of action, alleges that Fisher was negligent in its preparation of the phase I assessment report. In the tenth cause of action, the complaint alleges that Fisher committed professional malpractice with respect to its preparation of the phase I report. Fisher rases two arguments in support of its motion for summary judgment: (1) the fifth and tenth causes of action should be dismissed against it due to the lack of privity of contract; and (2) in the alternative, Fisher's liability is limited to the amount in the contract. The complaint makes claims under both Federal and New York law alleging that Fisher was negligent in its assessment by failing to discuss a 1999 spill report from a gasoline station directly east and upgradient from the shopping center.

In the week preceding the scheduled argument of Fisher's summary judgment motion, Plaintiff filed a motion to amend the complaint. (Docket No. 64.)

---

[1] Plaintiff denies any knowledge necessary to form a belief as to the truth or falsity of these claims.

**STANDARDS OF LAW**

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

Fisher argues that it lacks privity of contract with Plaintiff, and thus cannot be liable to Plaintiff. The New York Court of Appeals wrote in *Prudential Ins. Co. of America v.*

*Dewey, Ballatine, Bushby, Palmer & Wood*, 80 N.Y.2d 377, 382 (1992) that,

> This Court has long held that before a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity (*see, e.g., Ossining Union Free School Dist. v. Anderson LaRocca Anderson, supra*, 73 N.Y.2d at 424; *Credit Alliance Corp. v. Andersen & Co.*, 65 N.Y.2d 536; *Ultramares Corp. v. Touche, supra*; *Glanzer v. Shepard, supra*). Such a requirement is necessary in order to provide fair and manageable bounds to what otherwise could prove to be limitless liability (*see Ossining Union Free School Dist. v. Anderson LaRocca Anderson, supra*, 73 N.Y.2d at 421).

Chief Judge Kay wrote in *Ossing Union Free School Dist. V. Anderson LaRocca Anderson*, 73 N.Y.2d 417, 419 (1989):

> At issue is a question that has long been a subject of litigation: in negligent misrepresentation cases, which produce only economic injury, is privity of contract required in order for plaintiff to state a cause of action? Whether defendants are accountants (as in several recent cases) or not (as here), our answer continues to be that such a cause of action requires that the underlying relationship between the parties be one of contract or the bond between them so close as to be the functional equivalent of contractual privity.

The Local Rule 56.1 factual statements by the parties do not show any contractual relationship between Fisher and Plaintiff. The contract at issue was between Fisher Associates and Harter, Secrest & Emery, LLP, and acknowledges that "Harter, Secrest & Emery, LLP (Harter) represents Sylvan Enterprise Corporation (Sylvan), which is purchasing the existing plaza." (Proposal for Phase I Environmental Site Assessment, Seneca Ridge Plaza (Oct. 2, 2000), attached as Docket No. 51-8, Exhibit F.) The proposal was accepted on October 5, 2000, by Palvino in his capacity as a partner in the law firm. The terms of the contract are clear, and, since Plaintiff admits that no written or oral permission was received from Fisher, the Fisher contract could not have been assigned

to Plaintiff by Sylvan. Although Plaintiff argues that direct privity exists between Fisher and Plaintiff because one of the Sylvan principals, Rabbi Shlomo Noble ("Noble"), authorized the contract as the manager/partner, Noble states in his affidavit:

> Neither I nor Sylvan was aware of the Phase I Contract or its terms until after plaintiff claimed that Fisher had malpracticed. We were unaware of any limitation on liability, and did not authorize Harter Secrest to enter into such an arrangement on our behalf.

(Noble Aff. ¶ 9.) The four corners of the contract conclusively show a lack of direct privity.

However, Plaintiff also argues that the New York Court of Appeals has identified, three critical criteria for imposing liability:

> (1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance.

*Prudential Ins. Co. of America v. Dewey, Ballantine, Bushby, Palmer & Wood*, 80 N.Y.2d 377, 384 (1992) (citing *Credit Alliance Corp. v. Arthur Anderson & Co.*, 65 N.Y.2d 536, 551 (1985)). With regard to the first prong, the Court agrees with Plaintiff that Fisher must have been aware that its work product, the Phase I Environmental Assessment Report, would be used for a particular purpose, that is, to inform Sylvan about the possibility of environmental contamination on the property it proposed to purchase.

With regard to the second and third prongs, Plaintiff argues that "the circumstances under which the Phase I was commissioned, and ultimately relied upon by plaintiff meets these standards, or at the very lease, raise a question of material fact with regard to Fisher's privity with [P]laintiff." (Pl.'s Mem. of Law at 5.) The Court finds the *Ossing* case to be informative on this issue. In that case, a school board hired an architectural firm to

ascertain the structural integrity of its buildings. The architectural firm hired a firm of consulting engineers, which it was authorized by the school board to do.  However, the consulting firm did not have a contract with the school district. The consulting firm was alleged to have negligently informed the school district that one particular building was unsafe, when, it was subsequently determined by another firm, that the building was fine. The school district incurred considerable expense in moving out of the supposedly unsafe building and relocating to another building.

Chief Judge Kaye, writing for the New York Court of Appeals, traced the privity of contract rule from *Winterbottom v. Wright*, 10  M & W 109, 152 Eng. Rep. 402 (Ex. 1842), through cases that created exceptions to the rule in this country, including *MacPherson v. Buick Motor Co.*, 217 N.Y. 382 (1916), in which the Court of Appeals "refused to apply the privity requirement to bar recovery by the driver of an automobile for injuries caused by a defective wheel the automobile manufacturer had negligently failed to inspect…." *Ossing*, 73 N.Y.2d at 422. Judge Kay further discussed the facts in the case of *Glanzer v. Shepard*, 233 N.Y. 236 (1922). *Id*. at 422-23. In *Glanzer*, the defendants were public weighers hired by bean sellers to provide the sellers to provide a certificate as to the weight of beans to be sold. The buyers of the beans sued the public weighers for overpayment they had made in reliance on the certificates, which had negligently overstated the weight.

> Rejecting defendants' claim that *MacPherson* applied only to products posing a risk of physical danger, Judge Cardozo wrote: "We do not need to state the duty in terms of contract or of privity. Growing out of a contract, it has none the less an origin not exclusively contractual. Given the contract and the relation, the duty is imposed by law."

*Ossing*, 73 N.Y.2d at 423 (quoting *Glanzer*, 233 N.Y. at 239). In *Ossing*, the Court of Appeals found liability and wrote that,

> [t]hough under contract to Anderson, defendants allegedly undertook their work in the knowledge that it was for the school district alone, and that their findings would be reported to and relied on by the school district in ongoing project-the evaluation of the structural soundness of the school buildings. Defendants were retained to visit plaintiff's premises, examine its buildings, and prepare reports of their findings upon which action would be taken.

*Ossing*, 73 N.Y.2d at 425.

In the case at bar, Fisher argues that it was never informed Sylvan did not purchase the property, or that at the time it prepared its report, "that any other entity, other than Sylvan, Harter Secrest and its lending institution, would be relying on it to purchase the subject property, as no other entity existed at the time." (Fisher Mem. of Law at 11.) Plaintiff was formed on February 16, 2001, some three and one-half months after the report was prepared. The Court rejects Plaintiff's argument that it has shown "( 2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance." Had Sylvan, Harter, or Palvino sought Fisher's permission to disseminate or convey to any other party the contents of the report, then the facts would support Plaintiff's argument. However, the Court does not find a material question of fact in this regard, since the facts asserted by the parties, viewed in a light most favorable to plaintiff, fail to show that Plaintiff was in privity with Fisher, or "a relationship so close as to approach that of privity." *Ossining*, 73 N.Y.2d at 424. On the contrary, the facts before the Court show *no* relationship between Fisher and Plaintiff, thus, no basis for liability.

**CONCLUSION**

For the reasons stated above, Fisher's motion (Docket No. 51) is granted and the fifth and tenth causes of action in the original complaint are dismissed against Fisher Associates, P.E., L.S., P.C. The Clerk is directed to enter judgment for Fisher. However, since there is pending a motion to amend the complaint to assert additional claims against Fisher, the Clerk is directed not to terminate Fisher as a party to this litigation.

It Is So Ordered.

DATED:   Rochester, New York
         December 15, 2008

                              ENTER.


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge